IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01437-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

SERGEY NOVITSKIY,

     Plaintiff,

v.

USA,

     Defendant

---

ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES AND AMEND
COMPLAINT

---

On July 7, 2015, Plaintiff, Sergey Novitskiy, a resident of Aurora, Colorado, filed

*pro se* a Complaint against the United States. (ECF No. 1).  He also filed an Application

to Proceed in District Court Without Prepaying Fees or Costs. (ECF No. 2).  The court

must construe the Complaint liberally because Mr. Novitskiy is not represented by an

attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se*

litigant. *See Hall*, 935 F.2d at 1110.

As part of the Court's initial review pursuant to D.C.COLO.LCivR 8.1(a), the

Court has determined that the Complaint is deficient as described in this order.  Plaintiff

will be directed to cure the following if he wishes to pursue his claims.  Any papers that

Plaintiff files in response to this order must include the civil action number noted above

in the caption of this order.

**Application to Proceed in District Court Without Prepaying Fees or Costs**:
(1)   ___   is not submitted
(2)   ___   is not on proper form (must use the Federal Court's current form)
(3)   ___   is missing original signature by Plaintiff
(4)   ___   is missing affidavit
(5)   ___   affidavit is incomplete
(6)   ___   affidavit is not properly notarized
(7)   ___   names in caption do not match names in caption of complaint, petition or application
(8)   ___   other:

**Complaint or Petition**:
(9)   ___   is not submitted
(10)   _X_   is not on proper form (must use the current court-approved form)
(11)   ___   is missing an original signature by the Plaintiff
(12)   ___   is incomplete
(13)   ___   uses et al. instead of listing all parties in caption
(14)   _X_   names in caption do not match names in text of Complaint (names in caption should match the names listed as Parties in Section A)
(15)   _X_   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)   ___   other:

Plaintiff's Complaint is not on the Court-approved complaint form.  Local Civil

Rules 1.2 and 5.1(c) for this Court require *pro se* litigants to use the Court-approved

forms found on the Court's website.  The United States Court of Appeals for the Tenth

Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local

court rules requiring use of proper Court-approved forms, and rejected constitutional

challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th

Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action

without prejudice for noncompliance with local rules requiring use of proper

court-approved form to file complaint and district court's order to comply), *Durham v.*

*Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's

discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights).

Furthermore, the court finds that Plaintiff's Complaint is deficient because it names the USA as the Defendant in the caption, but then in the "Parties" section of the Complaint it lists six (6) individuals and one (1) corporation as Defendants.  Additionally, addresses are not provided for any of the defendants.

Finally, the court finds that Plaintiff's Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

3

## 1. FTCA

Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1346(b). Section 1346 recognizes that the Federal Tort Claims Act (FTCA) constitutes a limited waiver of the federal government's sovereign immunity from private suit. *See* 28 U.S.C. § 1346(b). The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *In re Franklin Savings Corp.*, 385 F.3d 1279, 1286 (10th Cir. 2004) (citing 28 U.S.C. § 2679(a) (providing that the FTCA remedy is "exclusive" for all "claims which are cognizable under [28 U.S.C.] § 1346(b)")).  "Under the FTCA, only the United States is a proper defendant." *Muhammad v. United States*, 2010 U.S. Dist. LEXIS 14117, 2010 WL 551413, at *11 (D. Colo. Jan. 6, 2010) (unpublished decision). The United States is deemed liable "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. "[T]he FTCA does not itself create a substantive cause of action against the United States; rather, it provides a mechanism for bringing a state law tort action against the federal government in federal court." *Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011)(citation omitted).The extent of the Government's liability under the FTCA is determined by reference to state law which, in this case, is the law of Colorado. *FDIC v. Meyer*, 510 U.S. 471, 477-78, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994)(the "law of the place" refers to the substantive law of the state where the wrongful conduct took place"); *see also Henderson v. United States*, 429 F.2d 588, 590 (10th Cir. 1970). The Government is liable only to the extent that, in the same circumstances, the applicable local law would hold a private person responsible. *See* 28 U.S.C. § 1346(b)(1) & § 2674.

In this case, although Plaintiff asserts the FTCA as the basis for this court's jurisdiction, his claims against the federal government employees are based on violations of his constitutional rights instead of state tort law. (ECF No. 1 at 6-8). Specifically, Claim One alleges that Defendants Zabat, Trujillo, Cordova, and Doble-Salicrup, all of whom were employed by the U.S. Department of Homeland Security ("DHS"), caused his unreasonable incarceration without due process in violation of his constitutional rights. (*Id.* at 7 ¶ 36, 37).  Likewise, Claim Two alleges that Defendant Zabat, a DHS employee, failed to provide him with appropriate psychiatric care and evaluation during his incarceration in violation of his due process and Eight Amendment rights. (*Id.* at 8-9, 44, 46).

Plaintiff's claims of constitutional violations are not properly brought in a FTCA action.  Constitutional claims are not claims based on state substantive law under which a private person would be responsible.  If Plaintiff would like to maintain an action based on the FTCA against the United States, he must identify the state law tort action he is attempting to pursue.

Additionally, Plaintiff's third claim is not against federal government employees. Instead, his third claim is against a corporation, GEO, and two of its employees, Holm and Choate.  GEO has a contract with the U.S. Immigration and Customs Enforcement (ICE) to provide detention services.  According to Plaintiff, these Defendants had a common law duty and a contractual duty to provide him with medical care.  However, these defendants were not federal employees, and therefore, the FTCA does not provide jurisdiction for claims against them.  The FTCA "is a limited waiver of sovereign immunity, making the Federal Government liable to the same extent as a private party

for certain torts of federal employees acting within the scope of their employment."

*United States v. Orleans*, 425 U.S. 807, 813, 96 S. Ct. 1971, 48 L. Ed. 2d 390 (1976);

28 U.S.C. § 1346(b) (covering injuries "caused by the negligent or wrongful act or

omission of any employee of the government while acting within the scope of his office

or employment"). The FTCA defines federal employees as "officers and employees of

any federal agency," but explicitly excludes "any contractor with the United States." 28

U.S.C. § 2671. Here, where GEO had a contract with the United States to provide

detention services, the United States is not liable under the FTCA for GEO or its

employees' actions.  The law is settled that "[t]he FTCA does not authorize suits

[against the United States] based on] the acts of independent contractors" or injuries

caused by an independent contractor. *See Logue v. United States*, 412 U.S. 521, 528,

93 S. Ct. 2215, 37 L. Ed. 2d 121 (1973);  *Curry v. United States*, 97 F.3d 412, 414 (10th

Cir. 1996).

Finally, in order to bring an FTCA suit, the plaintiff must first exhaust all available

administrative remedies.  28 U.S.C. § 2675(a) (2012) (prohibiting an action against the

United States "unless the claimant shall have first presented the claim to the

appropriate Federal agency . . ."); *McNeil v. United States*, 508 U.S. 106, 107, 113 S.

Ct. 1980, 124 L. Ed. 2d 21 (1993) ("The FTCA bars claimants from bringing suit in

federal court until they have exhausted their administrative remedies."); *see also*

*Rudkin v. Allred*, 12-cv-1471-CBS, 2013 U.S. Dist. LEXIS 60741 (D. Colo. Apr. 29,

2013) (dismissing FTCA claim for lack of jurisdiction because Amended Complaint did

not adequately allege that Plaintiff exhausted all administrative remedies available to

him).  The Plaintiff's Complaint fails to allege that he has presented his claims to the appropriate Federal agency.

Additionally, timeliness of suit is a requirement for a claim under the FTCA and the district court lacks subject matter jurisdiction to proceed under the FTCA if a plaintiff fails to satisfy the timing requirements set forth in Title 28 U.S.C. § 2401(b); *see Dahl v. United States*, 319 F.3d 1226, 1228 (10th Cir. 2003). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). An FTCA tort claim accrues on the date of the injury's occurrence. *Plaza Speedway Inc. v. United States*, 311 F.3d 1262, 1267-68 (10th Cir. 2002).

In this case, Plaintiff was released from ICE custody on November 21, 2012, well over two years ago.  Therefore, it appears any claim under the FTCA would be untimely.

Accordingly, if Plaintiff wishes to pursue an FTCA claim, he should amend his complaint to identify the state law tort action he is pursuing, demonstrate that he has exhausted all available administrative remedies, provide information regarding the timeliness of the suit, and exclude defendants that are not federal employees.

2.  *Possibility of a Bivens Action*

The Court notes that Plaintiff may be attempting to bring a Bivens action under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of*

7

*Narcotics*, 403 U.S. 388 (1971).  "*Bivens* claims allow plaintiffs to recover from individual federal agents for constitutional violations these agents commit against plaintiffs." *Robbins v. Wilkie*, 300 F.3d 1208, 1211 (10th Cir. 2002);  *see also Correctional Services Corporation v. Malesko*, 534 U.S. 61, 66, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (in *Bivens*, the Supreme Court recognized "an implied private right of action for damages against federal officers alleged to have violated a citizen's constitutional rights"). *Bivens* actions may only be brought against federal employees in their individual capacities, not against the United States or its employees sued in their official capacities. *See Malesko*, 534 U.S. at 72 ("If a federal prisoner in a BOP facility alleges a constitutional deprivation, he may bring a *Bivens* claim against the offending individual officer, subject to the defense of qualified immunity. . . The prisoner may not bring a *Bivens* claim against the officer's employer, the United States, or the BOP."); *Simmat v. U.S. Bureau of Prisons* 413 F.3d 1225, 1231 (10th Cir. 2005) ("a *Bivens* claim lies against the federal official in his individual capacity — not . . . against officials in their official capacity").

However, Plaintiff is reminded that "the FTCA and a *Bivens* claim are alternative remedies." *Robbins v. Wilke*, 300 F.3d 1208, 1213 (10th Cir. 2002).  "When a federal law enforcement officer commits an intentional tort, the victim has two avenues of redress: 1) he may bring a *Bivens* claim against the individual officer based on the constitutional violation, or 2) he may bring a common law tort action against the United States pursuant to the FTCA." *Engle v. Mecke*, 24 F.3d 133, 135 (10th Cir.1994) (citations omitted).  Accordingly, a plaintiff can pursue a *Bivens* action against a federal

official in his individual capacity and an FTCA claim against the United States arising

out of the same subject matter, but a judgment against the United States under the

FTCA precludes recovery against the federal employee under *Bivens*. *Engle*, 24 F.3d

at 135 ("Although the plaintiff may elect initially to bring his action against either

defendant, a judgment against the United States under the FTCA constitutes a

complete bar to any action by the claimant, by reason of the same subject matter,

against the employee . . . whose act or omission gave rise to the claim.'") (quoting §

2676); *see also Trentadue*, 397 F.3d at 858-59 (concluding that district court was

required to vacate *Bivens* judgment where court later entered judgment on FTCA claims

arising out of the same subject matter, pursuant to § 2676).   Therefore, if Plaintiff is

attempting to bring a *Bivens* action against the federal employees in their individual

capacities, he should amend his Complaint accordingly.

### 3.  Possibility of Diversity Jurisdiction

Plaintiff cannot maintain an FTCA claim or a *Bivens* action against GEO or its

employees. *See Minneci v. Pollard*, 132 S.Ct. 617 (2012);  *Curry v. United States*, 97

F.3d 412, 414 (10th Cir. 1996).  However, he alleges conduct against them that may fall

within a state-law negligence or breach of contract claim.  However, in order to bring

such state-law claims in federal court, Plaintiff must meet the requirements of the

diversity jurisdiction statute, 28 U.S.C. § 1332.

A plaintiff properly invokes § 1332 jurisdiction when he presents a claim between

parties of diverse citizenship that exceeds the required jurisdictional amount, currently

$75,000.  *See* 28 U.S.C. § 1332(a); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513

(2006).  To demonstrate federal jurisdiction pursuant to § 1332, allegations of diversity

must be pled affirmatively. *See Penteco Corp. Ltd. Partnership-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(1) (pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  If Plaintiff wishes to pursue claims based on § 1332 jurisdiction, he should amend his complaint accordingly.

For the reasons discussed above, Plaintiff will be ordered to cure the designated deficiencies and file an amended complaint if he wishes to pursue his claims. Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above and file an amended complaint **within thirty days** from the date of this Order.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that the Plaintiff shall obtain the court-approved form for filing a General Complaint, along with the applicable instructions, at www.cod.uscourts.gov.  Plaintiff shall use the form in curing the deficiencies noted.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** this action will be dismissed without further notice.

DATED:  July 10, 2015, at Denver, Colorado.

BY THE COURT:
S/ Gordon P. Gallagher

_____
United States Magistrate Judge