IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-01437-PAB-MEH

SERGEY NOVITSKIY,

     Plaintiff,

v.

UNITED STATES OF AMERICA,

     Defendant.

---

## ORDER

---

This matter is before the Court on plaintiff's Motion for Default Judgment Pursuant to F.R.C.P. 55 [Docket No. 32] and Motion for Default Judgment with a Sworn Affidavit Attached, Pursuant to F.R.C.P. 55 [Docket No. 39].  In light of plaintiff's pro se status, the Court construes his filings liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

On February 19, 2016, plaintiff filed his first motion for default judgment.  Docket No. 32.  On March 2, 2016, plaintiff filed his second motion for default judgment. Docket No. 39.

In order to obtain a judgment by default, a party must follow the two-step process described in Fed. R. Civ. P. 55.  First, he must seek an entry of default from the Clerk of the Court under Rule 55(a).  Rule 55(a) provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."

Fed. R. Civ. P. 55(a).  Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b).  Fed. R. Civ. P. 55(b); *Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (unpublished) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)); *State Resources Corp., v. Nature's Way Dairy LLC*, No. 10-cv-00576-PAB-KMT, 2010 WL 4510902, at *1 (D. Colo. Nov. 2, 2010) (citation omitted).  Failure to successfully complete the first step of obtaining an entry of default necessarily precludes the granting of default judgment in step two.  *See Williams*, 1995 WL 365988, at *1; *State Resources Corp.*, 2010 WL 4510902, at *1.

In the present case, plaintiff requests judgment by default, but has not obtained an entry of default from the Clerk of Court under Fed. R. Civ. P. 55(a).  Construing plaintiff's motions liberally, the Court will interpret them as requests for entry of default.  Thus, the Court will refer plaintiff's motions to the Clerk of Court.

For the foregoing reasons, it is

**ORDERED** that plaintiff's Motion for Default Judgment Pursuant to Fed. R. Civ. P 55 [Docket No. 32] and Motion for Default Judgment with a Sworn Affidavit Attached, Pursuant to F.R.C.P. 55 [Docket No. 39], construed as motions for entry of default pursuant to Fed. R. Civ. P. 55(a), are referred to the Clerk of Court.

DATED April 11, 2016.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge